UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN HOGAN,

          Plaintiff,

v.

JPMORGAN CHASE & CO.,

          Defendant.
-------------------------------------------------------------------x

JUDGE MARRERO

COMPLAINT

07 CIV 8563

RECEIVED OCT 03 2007 S.D.N.Y. CASHIERS

Plaintiff, JOHN HOGAN, by his attorney HARRY WEINBERG, LAW OFFICE OF HARRY WEINBERG, complaining of defendant, alleges as follows:

Nature of the Case

1. From in or about 1988 until February, 2007, plaintiff JOHN HOGAN ("plaintiff" or "Hogan") was employed by defendant JPMORGAN CHASE & CO., ("defendant" or "Chase") in various capacities, most recently as an Underwriter I at 1166 Avenue of the Americas, New York, N.Y., and always performed his job in a satisfactory manner.

2. In or about July, 2003, plaintiff was nominated by his superiors to participate in an Executive Masters of Business Administration ("EMBA") program at Columbia University.

3. The cost of plaintiff's participation in the EMBA program was covered by loan from Chase that was the subject of an EMBA Education Loan Agreement ("Loan Agreement") executed by plaintiff on July 22, 2003 and defendant on July 24, 2003. Among the terms contained in the Loan Agreement is a stipulation that plaintiff would not be required to pay any portion of the loans made to him while he was employed by

Chase, but would be obligated to repay the loan in full "upon the voluntary or involuntary termination of your employment with JPMorgan Chase ... during your participation in the Program or during the three (3) year period following completion of the Program." The Loan Agreement further provided that the loan shall be forgiven and plaintiff would have no obligation to repay the loan or any portion thereof on the third anniversary of the date on which the EMBA Degree was awarded to him.

4. As with all contracts in New York, the parties were bound by the covenant of good and fair dealing in executing their obligations responsibilities under the Loan Agreement.

5. On or about September, 2005, plaintiff successfully completed the EMBA program and was awarded a MBA Degree by Columbia University.

6. Beginning with performance reviews for 2004, despite plaintiff's excellent work history and continuing excellent performance, plaintiff began to receive poor performance evaluations from a group of new managers to whom he reported as the result of a corporate reorganization in mid-2004.

7. Although bound by the covenant of good faith and fair dealing, defendant breached the Loan Agreement by engaging in successively more drastic action designed to force plaintiff to resign his position with Chase and thereby become liable to pay back 100% of monies paid to Columbia University on his behalf pursuant to the Loan Agreement.

8. Specifically, as a result of a change in its business plans and corporate reorganization, defendant determined that plaintiff's services were unnecessary and, in an effort to avoid severance obligations to plaintiff and to trigger plaintiff's obligation to

immediately repay the loan pursuant to the Loan Agreement, defendant, by its officers, employees and agents, began undermining plaintiff's work, generating unsubstantiated criticisms of plaintiff's work, generating poor work performance evaluations of plaintiff that were unwarranted and unsupported by the facts, treating plaintiff differently than similarly situated Underwriters, denying plaintiff customary raises and bonuses and demoting plaintiff without appropriate cause or reason and, in other sundry ways, making it untenable for plaintiff to remain employed by Chase lest he suffer further substantial damage to his career.

9.     In 2006, when plaintiff met with a Human Resources Manager to complain about the poor treatment he was receiving plaintiff was advised that it was that Manager's belief that plaintiff was being "managed out," "corporate-speak" for being forced to resign his position.

10.    Plaintiff nevertheless continued to perform his job in an exemplary manner until it became clear to him that he could no longer tolerate the continuing poor treatment and the resulting damage to his career that resulted from such treatment.

11.    In or about February, 2007, plaintiff was offered and accepted a position with another employer and tendered his resignation to Chase.

12.    Shortly thereafter plaintiff received a letter from Chase demanding immediate repayment of the loan in the sum of $115,480.18.

13.    The instant lawsuit follows.

## Jurisdiction And Venue

14.    This Court has jurisdiction of this matter pursuant to principles of diversity of citizenship. Plaintiff is a citizen of the State of New York and, on

information and belief, defendant is a corporation duly organized under and pursuant to the laws of the State of Delaware, licensed and authorized to do business in New York State and domiciled in the State of Illinois.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this district.

Parties

16. At all times relevant herein, plaintiff was a resident of New York State, Bronx County. From on or about 1988 until on or about February, 2007 plaintiff was employed by defendant in various capacities, most recently as an Underwriter I at Chase's offices at 1166 Avenue of the Americas, New York, N.Y..

17. On information and belief, defendant Chase is a foreign corporation duly organized under and pursuant to the laws of the State of Delaware, licensed and authorized to do business in New York State and domiciled in the State of Illinois.

Background

18. From in or about 1988 until February, 2007, plaintiff was employed by defendant in various capacities, most recently as an Underwriter I at 1166 Avenue of the Americas, New York, N.Y., and always performed his job in a satisfactory manner.

19. In or about January, 2004, as a result of his long-term excellent performance and desire to advance himself within the corporation, plaintiff was selected for and began participation in an Executive Masters of Business Administration ("EMBA") program at Columbia University.

20. The cost of plaintiff's participation in the EMBA program was covered by a loan from Chase, the terms of which were set forth in an EMBA Education Loan Agreement ("Loan Agreement) executed by plaintiff on July 22, 2003 and defendant on July 24, 2003. Among the terms contained in the Loan Agreement is a stipulation that plaintiff would not be required to pay any portion of the loans made to him while he was employed by Chase, but would be obligated to repay the loan in full "upon the voluntary or involuntary termination of your employment with JPMorgan Chase ... during your participation in the Program or during the three (3) year period following completion of the Program." The Loan Agreement further provided that the loan shall be forgiven and plaintiff would have no obligation to repay the loan or any portion thereof on the third anniversary of the date on which the EMBA Degree was awarded to him.

21. As with all contracts in New York, the parties were bound by the covenant of good and fair dealing in executing their obligations responsibilities under the Loan Agreement.

22. On or about September, 2005, plaintiff successfully completed the EMBA program and was awarded a MBA Degree by Columbia University.

23. Beginning in 2004, despite Plaintiff's excellent work history and continuing excellent performance, Plaintiff began to receive less than excellent performance evaluations from a group of new managers to whom he reported as the result of a corporate reorganization.

24. Although bound by the covenant of good faith and fair dealing, defendant breached the Loan Agreement by engaging in successively more drastic action designed to force plaintiff to resign his position with Chase and thereby become liable to pay back

5

100% of monies paid to Columbia University on his behalf pursuant to the Loan Agreement. Such action was taken by Chase in bad faith and in breach of its obligations pursuant to the Loan Agreement.

25. Specifically, as a result of a change in its business plans and corporate reorganization, defendant determined that plaintiff's services were unnecessary and, in an effort to avoid severance obligations and to trigger plaintiff's obligation to immediately repay the loan pursuant to the Loan Agreement, defendant, by its officers, employees and agents, began undermining plaintiff's work, generating unsubstantiated criticisms of plaintiff's work, generating poor work performance evaluations of plaintiff that were unwarranted and unsupported by the facts, treating plaintiff differently than similarly situated Underwriters, denying plaintiff customary raises and bonuses and demoting plaintiff without appropriate cause or reason and, in other sundry ways, making it untenable for plaintiff to remain employed by Chase lest he suffer further substantial damage to his career.

26. In 2006, when plaintiff met with a Human Resources Manager to complain about the poor treatment he was receiving plaintiff was advised that it was that Manager's belief that plaintiff was being "managed out," corporate-speak for being forced to resign his position.

27. Plaintiff nevertheless continued to perform his job in an exemplary manner until it became clear to him that he could no longer tolerate the continuing poor treatment and the resulting damage to his career that resulted from such treatment.

28. In or about December, 2006, plaintiff was offered and accepted a position with another employer and thereafter tendered his resignation to Chase.

29. Shortly thereafter plaintiff received a letter from Chase demanding immediate repayment of the loan in the sum of $115,480.18.

30. Inasmuch as, based on the foregoing, plaintiff is not obligated to repay the loan, plaintiff has refused to repay the loan and has been threatened with litigation by Chase.

31. As a result of the foregoing, plaintiff seeks declaratory judgment that he is not obligated to repay the loan or any amount thereof, and that he is entitled to damages for harm to his career as a result of Chase's bad faith and malicious actions as described hereinabove.

## FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

32. Defendant's actions as described hereinabove constitute a breach of the Loan Agreement in that defendant was obligated to perform pursuant to the Loan Agreement in good faith and it failed to do so. Specifically, defendant was under an obligation not to interfere with plaintiff's continued employment with Chase but instead engaged in a course of conduct specifically designed to force plaintiff to resign his employment and thereby trigger an immediate obligation to repay the loan.

33. Defendant failed to fully and in good faith perform all of its obligations pursuant to the Loan Agreement.

34. As a result of the aforesaid breach, plaintiff has been damaged in the sum of $115,480.18, plus interest from February 1, 2007 and continuing.

## SECOND CAUSE OF ACTION (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34.

7

36. Defendant's action constitute a breach of the covenant of good faith and fair dealing implied in every contract entered into in the State of New York.

37. As a result of the aforesaid breach, plaintiff has been damaged in the sum of $115,480.18, plus interest from February 1, 2007 and continuing.

## THIRD CAUSE OF ACTION (DECLARATORY JUDGMENT THAT PLAINTIFF IS NOT OBLIGATED TO REPAY THE LOAN OR ANY PORTION THEREOF PURSUANT TO THE LOAN AGREEMENT)

38. Plaintiff repeats and realleges the allegations of paragraphs 1 through 37.

39. As a result of the foregoing, plaintiff is entitled to judgment declaring that he is not obligated to repay the loan or any portion thereof pursuant to the Loan Agreement.

## FOURTH CAUSE OF ACTION (DAMAGE TO PROFESSIONAL REPUTATION AND STANDING)

40. Plaintiff repeats and realleges the allegations of paragraphs 1 through 39.

41. The malicious course of conduct described hereinabove was engaged in by defendant for the purpose of intentionally harming plaintiff's professional reputation, career and standing in the professional community in which plaintiff earns his livelihood.

42. The malicious course of conduct described hereinabove did in fact harm plaintiff in that plaintiff was forced to resign his employment with defendant with the attendant damages flowing therefrom, and plaintiff's opportunities for other employment and compensation at the level generally associated with an Underwriter of his experience and longevity were and remain limited due to defendant's purposefully wrongful conduct.

43. As such plaintiff is entitled to damages to compensate him for the reduced salary, benefits and professional standing he suffers as a result of defendant's wrongful conduct.

WHEREFORE, plaintiff demands judgment as follows:

1. On the First Cause of Action awarding plaintiff damages in the sum of $115,480.18, plus interest from February 1, 2007 and continuing, together with the costs of bringing this action, including reasonable attorney's fees and such further relief as is just and proper.

2. On the Second Cause of Action awarding plaintiff damages in the sum of $115,480.18, plus interest from February 1, 2007 and continuing, together with the costs of bringing this action, including reasonable attorney's fees and such further relief as is just and proper.

3. On the Third Cause of Action awarding plaintiff judgment declaring that he is not obligated to repay the loan or any portion thereof pursuant to the Loan Agreement, together with the costs of bringing this action, including reasonable attorney's fees and such further relief as is just and proper.

4. On the Fourth Cause of Action awarding plaintiff damages in a sum to be determined at trial but believed to be not less than $150,000, together with the costs of bringing this action, including reasonable attorney's fees and such further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues which may be so tried.

Dated: New York, New York
October 2, 2007

LAW OFFICES OF HARRY WEINBERG

By: _____
HARRY WEINBERG, ESQ.
(HW0574)
Attorney for Plaintiff John Hogan
11 Beach Street
New York, N.Y. 10013
(212) 989-2908

TO:   JPMorgan Chase & Co.
      10 South Dearborn, IL1-0427
      Chicago, Illinois 60603

07 CV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN HOGAN,

        Plaintiff,

v.

JP MORGAN CHASE & CO.,

        Defendant.

---

**SUMMONS AND COMPLAINT**

---

LAW OFFICES OF HARRY WEINBERG
Attorney for Plaintiff John Hogan
11 Beach Street – 8th Floor
New York, N.Y. 10013
(212) 989-2908