UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
JOHN HOGAN,

       Plaintiff,                                     **REPLY TO COUNTER-CLAIMS**

v.                                                         07 CV 8563 (VMI)

JPMORGAN CHASE & CO.,

       Defendant.
---------------------------------------------------------------------x

       Plaintiff and Counter-Claim Defendant JOHN HOGAN, by his attorney HARRY WEINBERG, LAW OFFICES OF HARRY WEINBERG, as an for his Reply to the Counter-Claims of Defendant and Counter-Claim Plaintiff JPMorgan Chase & Co. ("defendant") asserts as follows:

## AS TO FIRST COUNTER-CLAIM

       1.     Admits the allegations contained in paragraph 54 of defendant's First Counter-Claim.

       2.     Admits the allegations contained in paragraph 55 of defendant's First Counter-Claim.

       3.     Admits the allegations contained in paragraph 56 of defendant's First Counter-Claim.

       4.     Denies the allegations contained in paragraph 57 of defendant's First Counter-Claim and refers the Court to the EMBA Agreement referred to therein for an accurate recitation of what is provided for in the EMBA Agreement.

       5.     Admits the allegations contained in paragraph 58 of defendant's First Counter-Claim.

6. Denies the allegations contained in paragraph 59 of defendant's First Counter-Claim and refers the Court to the EMBA Agreement referred to therein for an accurate recitation of what is provided for in the EMBA Agreement.

7. Admits the allegations contained in paragraph 60 of defendant's First Counter-Claim.

8. Denies the allegations contained in paragraph 61 of defendant's First Counter-Claim and refers the Court to the EMBA Agreement referred to therein for an accurate recitation of what is provided for in the EMBA Agreement.

9. Admits the allegations contained in paragraph 62 of defendant's First Counter-Claim.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of defendant's First Counter-Claim.

11. Admits the allegations contained in paragraph 64 of defendant's First Counter-Claim.

12. Denies the allegations contained in paragraph 65 of defendant's First Counter-Claim.

13. Denies the allegations contained in paragraph 66 of defendant's First Counter-Claim.

14. Admits the allegations contained in paragraph 67 of defendant's First Counter-Claim.

15. Denies the allegations contained in paragraph 68 of defendant's First Counter-Claim and specifically denies that any amount is due and owing by plaintiff to defendant.

**AS TO SECOND COUNTER-CLAIM**

16. Counter-Claim defendant John Hogan repeats and realleges each and every allegation contained in paragraphs 1 through 15 herein, as if each were set forth more fully hereat.

17. Admits the allegations contained in paragraph 70 of defendant's Second Counter-Claim.

18. Denies the allegations contained in paragraph 71 of defendant's Second Counter-Claim.

19. Denies the allegations contained in paragraph 72 of defendant's Second Counter-Claim.

**AS TO THIRD COUNTER-CLAIM**

20. Counter-Claim defendant John Hogan repeats and realleges each and every allegation contained in paragraphs 1 through 19 herein, as if each were set forth more fully hereat.

21. Denies the allegations contained in paragraph 74 of defendant's Third Counter-Claim.

22. Denies the allegations contained in paragraph 75 of defendant's Third Counter-Claim.

**AS TO FOURTH COUNTER-CLAIM**

23. Counter-Claim defendant John Hogan repeats and realleges each and every allegation contained in paragraphs 1 through 22 herein, as if each were set forth more fully hereat.

24. Denies the allegations contained in paragraph 77 of defendant's Fourth Counter-Claim.

25. Denies the allegations contained in paragraph 78 of defendant's Fourth Counter-Claim.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

26. Defendant Counter-Claim Plaintiff's Counter-Claims fail, in whole or in part, to state a claim upon which relief can be granted or the damages sought awarded.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

27. Each and every action taken by Defendant Counter-Claim Plaintiff with respect to the subject matter of the instant lawsuit was taken in good faith and in full compliance with all applicable laws, rules, regulations and the terms and conditions of the EMBA Agreement.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

28. Defendant Counter-Claim Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

29. Defendant Counter-Claim Plaintiff's claims are barred in whole or in part under the doctrines of laches, waiver or estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

30. Defendant Counter-Claim Plaintiff's claims are wholly insubstantial, frivolous, not advanced in good faith, an abuse of process and intended only to harass Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. Defendant Counter-Claim Plaintiff 's claims are barred and/or limited by the parole-evidence rule.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Defendant Counter-Claim Plaintiff is not entitled to the relief sought in its Counter-Claims because it precipitated and caused the damages sought therein.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. Defendant Counter-Claim Plaintiff is not entitled to the relief sought in its Counter-Claims because of and for the reasons set forth in Plainitff's Complaint herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Plaintiff and Counter-Claim Defendant alleges that at all times he has acted reasonably and in good faith based on all relevant facts and circumstances known by him at the time he acted. Plaintiff and Counter-Claim Defendant further alleges that his conduct was justified and privileged under the circumstances.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. Defendant and Counter-Claim Plaintiff has not sustained any damages as a result of Plaintiff and Counter-Claim Defendant's actions or failure to act.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. Defendant and Counter-Claim Plaintiff has failed to exercise reasonable diligence to mitigate its damages, if any, and to the extent of such failure to mitigate, any damages awarded to Defendant and Counter-Claim Plaintiff should be reduced.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. The injuries and damages if any, alleged to have been sustained by Defendant and Counter-Claim Plaintiff were caused in whole or in part by the culpable conduct, including consent and/or contributory negligence, of Defendant and Counter-Claim Plaintiff and the resulting damages, if any, should be barred or diminished in the proportion that such conduct bears to the culpable conduct that caused such injuries and damages alleged by Defendant and Counter-Claim Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. Any damages alleged to have been incurred by Defendant and Counter-Claim Plaintiff were or shall be replaced or indemnified in whole or in part by collateral sources, and any recovery by Defendant and Counter-Claim Plaintiff should be diminished by the amount of funds which Defendant and Counter-Claim Plaintiff has or shall receive from such collateral sources.

WHEREFORE, Plaintiff and Counter-Claim Defendant respectfully prays that the within Counter-Claims be dismissed in their entirety, with costs, disbursements and attorney's fees to abide the event.

Dated: New York, N.Y.
        December 31, 2007

Yours, etc.,

LAW OFFICES OF HARRY WEINBERG
By: Harry Weinberg, Esq.

_____
HARRY WEINBERG (HW 0574)

        Attorney for Plaintiff and Counter-Claim
        Defendant John Hogan
        11 Beach Street – 8th Floor
        New York, N.Y.  10013
        (212) 989-2908


TO:   Frederic L. Lieberman, Esq.
       JPMorgan Chase & Co.
       One Chase Manhattan Plaza
       New York, N.Y.  10081
       (212) 552-1815