UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOHN HOGAN,                                    :

                Plaintiff,          :

       - against -                                 :

JPMORGAN CHASE & CO.,                          :

                Defendant.          :

------------------------------------------------------X

DOCKET YES / ___ NO ___ CLOSED ___

07 Civ. 8563 (VM)

**ANSWER AND COUNTER-CLAIMS**

Defendant JPMorgan Chase & Co. ("JPMorgan Chase"), by its attorney, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, as and for its Answer to the Complaint and Counter-Claims, asserts as follows:

### AS TO NATURE OF THE CASE

1. Denies the truth of the allegations set forth in paragraph "1" of the Complaint, except admits that from November 23, 1987 through February 9, 2007, Plaintiff was employed by JPMorgan Chase Bank, N.A. and its predecessors in various positions.

2. Denies the truth of the allegations set forth in paragraph "2" of the Complaint, except avers that an employee requests approval to participate in an Executive Master of Business Administration program (the "EMBA Program"), and that the employee's direct manager and more senior managers must approve the request in order for the employee to participate in the program, and admits that in 2003 Plaintiff was approved to participate in Columbia University's Executive Masters in Business Administration Program (hereinafter "Columbia's MBA Program").

3. Admits the truth of the allegations set forth in paragraph "3" of the Complaint, except avers that the precise terms and conditions are set forth in the Executive MBA Education Loan Agreement between Plaintiff and JPMorgan Chase (the "EMBA Agreement"). A true and correct copy of the EMBA Agreement is annexed hereto as Exhibit "1".

4. Neither admits nor denies the truth of the allegations set forth in paragraph "4" of the Complaint and asserts that the allegations therein set forth conclusions of law as to which no response is required. To the extent that Defendant is required to respond to the allegations of paragraph "4", Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5. Upon information and belief, admits the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the truth of the allegations set forth in paragraph "8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the truth of the allegations set forth in paragraph "10" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge.

11. Admits the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Admits the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Admits the truth of the allegations set forth in paragraph "13" of the Complaint.

## AS TO JURISDICTION AND VENUE

14. Admits the truth of the allegations set forth in paragraph "14" of the Complaint, except denies that JPMorgan Chase & Co. is domiciled in the State of Illinois.

15. Admits the truth of the allegations set forth in paragraph "15" of the Complaint.

## AS TO PARTIES

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except avers that JPMorgan Chase's records indicate that Plaintiff's last known address is 3614 Tibbett Avenue, Bronx, New York 10463.

17. Admits the truth of the allegations set forth in paragraph "17" of the Complaint, except denies that JPMorgan Chase & Co. is domiciled in the State of Illinois.

## AS TO BACKGROUND

18. Denies the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that from 1988 through February 2007, Plaintiff was employed by JPMorgan Chase Bank, N.A. and its predecessors in various positions.

19. Denies the truth of the allegations set forth in paragraph "19" of the Complaint, except avers that an employee requests approval to participate in the EMBA Program, and that the employee's direct manager and more senior managers must approve the request in order for the employee to participate in the program, and admits that in 2003 Plaintiff was approved to participate in Columbia's MBA Program.

20. Admits the truth of the allegations set forth in paragraph "20" of the Complaint, except avers that the precise terms and conditions are set forth in the EMBA Agreement between Plaintiff and the JPMorgan Chase.

21. Neither admits nor denies the truth of the allegations set forth in paragraph "21" of the Complaint and asserts that the allegations therein set forth conclusions of law as to which no response is required. To the extent that Defendant is required to respond to the allegations of paragraph "21", Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

22. Upon information and belief, admits the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies the truth of the allegations set forth in paragraph "27" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except avers that Plaintiff provided notice of his resignation on January 25, 2007 and his employment terminated on February 10, 2007.

29. Admits the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies the truth of the allegations set forth in paragraph "30" of the Complaint, except admits that Plaintiff has refused to repay the loan and that JPMorgan Chase advised him that it would commence litigation seeking repayment of the loan.

31.     Admits the truth of the allegations set forth in paragraph "31" of the Complaint describing the nature of Plaintiff's action, except denies that Plaintiff is entitled to any such relief.

## AS TO THE FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

32.     Denies the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the truth of the allegations set forth in paragraph "34" of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

35.     Repeats and realleges its responses to paragraphs "1" through "34" of the Complaint as if fully set forth herein.

36.     Denies the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the truth of the allegations set forth in paragraph "37" of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION (DECLARATORY JUDGMENT THAT PLAINTIFF IS NOT OBLIGATED TO REPAY THE LOAN OR ANY PORTION THEREOF PURSUANT TO THE LOAN AGREEMENT)

38.     Repeats and realleges its responses to paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39.     Denies the truth of the allegations set forth in paragraph "38" of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION (DAMAGE TO PROFESSIONAL REPUTATION AND GOOD STANDING)

40.     Repeats and realleges its responses to paragraphs "1" through "39" of the Complaint as if fully set forth herein.

41.     Denies the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Denies the truth of the allegations set forth in paragraph "43" of the Complaint.

## AS TO DAMAGES

44. The allegations set forth in the "WHEREFORE" section of the Complaint constitute a demand for relief as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of the "WHEREFORE" section, JPMorgan Chase denies that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AFFIRMATIVE DEFENSES

JPMorgan Chase asserts that it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). JPMorgan Chase sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

## AS AND FOR A FIRST DEFENSE

45. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

## AS AND FOR A SECOND DEFENSE

46. Each and every action taken by JPMorgan Chase was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

## AS AND FOR A THIRD DEFENSE

47. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FOURTH DEFENSE

48. Plaintiff's claims are barred and/or limited by the doctrine of laches, waiver or estoppel.

### AS AND FOR A FIFTH DEFENSE

49. Upon information and belief, Plaintiff's claims for damages are barred in whole or in part in that he has failed to mitigate his damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A SIXTH DEFENSE

50. Plaintiff's claims for punitive damages are barred in that the JPMorgan Chase did not act maliciously or with reckless indifference toward Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

51. Plaintiff's claims are barred because there is no evidence that JPMorgan Chase has damaged Plaintiff.

### AS AND FOR AN EIGHTH DEFENSE

52. Plaintiff's claims are wholly insubstantial, frivolous, not advanced in good faith, an abuse of process, and intended only to harass JPMorgan Chase.

### AS AND FOR A NINTH DEFENSE

53. Plaintiff's claims are barred and/or limited by parole evidence rule.

### AS AND FOR DEFENDANT AND COUNTER-CLAIM PLAINTIFF'S COUNTERCLAIMS

### FIRST COUNTER-CLAIM
(Breach of Contract)

54. Counter-Claim Defendant John Hogan, at all times relevant in the Complaint, was employed by Counter-Claim Plaintiff JPMorgan Chase and/or its predecessors and subsidiaries.

55. Counter-Claim Defendant Hogan lives at 3614 Tibbett Avenue, Bronx, New York 10463.

56. On or about July 22, 2003, Counter-Claim Defendant Hogan, employed by Counter-Claim Plaintiff JPMorgan Chase, entered into a Contract, the EMBA Agreement with Counter-Claim Plaintiff JPMorgan Chase. A true and complete copy of the EMBA Agreement is attached hereto as Exhibit A.

57. The EMBA Agreement provided that Counter-Claim Plaintiff JPMorgan Chase would pay certain expenses such as tuition, student charges, fees, textbooks, and other charges associated with Counter-Claim Defendant Hogan's enrollment in an EMBA Program.

58. In January 2004, Counter-Claim Defendant Hogan enrolled in Columbia's MBA Program.

59. Under the terms of the EMBA Agreement, the amounts Counter-Claim Plaintiff JPMorgan Chase paid to Columbia University and any amount for which Counter-Claim Plaintiff JPMorgan Chase reimbursed Counter-Claim Defendant Hogan with regard to his enrollment in Columbia's MBA program would constitute a loan by Counter-Claim Plaintiff JPMorgan Chase.

60. Under the terms of the EMBA Agreement, Counter-Claim Defendant Hogan was not required to repay any portion of the loans while he was employed by Counter-Claim Plaintiff JPMorgan Chase.

61. Pursuant to the terms of the EMBA Agreement, however, should Counter-Claim Defendant Hogan's employment with Counter-Claim Plaintiff JPMorgan Chase be voluntarily or involuntarily terminated (unless due to job elimination, reorganization, or sale of a business) during Counter-Claim Defendant Hogan's participation in Columbia's MBA Program, or during the three year period following his completion of Columbia's MBA Program, Counter-Claim Defendant Hogan was required to pay Counter-Claim Plaintiff JPMorgan Chase the full amount of the loans made to him immediately and without the necessity of notice or demand.

62. From January 2004 to September 2005, Counter-Claim Defendant Hogan participated in Columbia's MBA Program, and Counter-Claim Plaintiff JPMorgan Chase made payments on his behalf to Columbia University.

63. Counter-Claim Plaintiff JPMorgan Chase paid, pursuant to the EMBA Agreement, to Counter-Claim Defendant Hogan and/or on his behalf to Columbia University for Counter-Claim Defendant Hogan's educational benefit, a total of $115,386.18: (a) in or about November 2003, Counter-Claim Plaintiff JPMorgan Chase paid $1,500.00 to Columbia University on behalf of Counter-Claim Defendant Hogan; (b) in or about December 2003, Counter-Claim Plaintiff JPMorgan Chase paid $65,820.00 to Columbia University on behalf of Counter-Claim Defendant Hogan; (c) in or about December 2004, Counter-Claim Plaintiff JPMorgan Chase paid $44,880.00 to Columbia University on behalf of Counter-Claim Defendant Hogan; (d) between September 2003 and February 2005, Counter-Claim Plaintiff JPMorgan Chase paid $3,026.18 to MasterCard on behalf of Counter-Claim Defendant Hogan; and (d) in or about September 2003, Counter-Claim Plaintiff JPMorgan Chase paid $160.00 to Counter-Claim Defendant Hogan as reimbursement for relevant expenses paid by Counter-Claim Defendant Hogan.

64. Counter-Claim Defendant Hogan completed Columbia's MBA Program in September 2005, and Columbia University awarded Counter-Claim Defendant Hogan a Masters degree in Business Administration.

65. On or about January 25, 2007, Counter-Claim Defendant Hogan voluntarily resigned from his employment with Counter-Claim Plaintiff JPMorgan Chase.

66. Counter-Claim Defendant Hogan's voluntarily leaving Counter-Claim Plaintiff JPMorgan Chase's employ within three years of Counter-Claim Defendant Hogan's completion

of Columbia's MBA Program meant that, pursuant to the EMBA Agreement, Counter-Claim Defendant Hogan was obligated to repay Counter-Claim Plaintiff JPMorgan Chase, the $115,386.18 loan.

67.     In or about March 2007 and thereafter, Counter-Claim Plaintiff JPMorgan Chase demanded Counter-Claim Defendant Hogan pay JPMorgan Chase the full amount loaned to him pursuant to the EMBA Agreement.

68.     Since that time, Counter-Claim Defendant Hogan has failed and refused to repay the amount loaned to him by, and due and owing to, JPMorgan Chase.

## SECOND COUNTER-CLAIM
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

69.     Counter-Claim Plaintiff JPMorgan Chase repeats and realleges each and every allegation contained in paragraphs 54 through 68 herein, as if each were set forth more fully herein.

70.     In every contract there is an implied covenant of good faith and fair dealing.

71.     Counter-Claim Defendant Hogan, by his actions and omissions, breached his implied covenant of fair dealing by breaching the terms of the EMBA Agreement in bad faith and without any legitimate or valid justification for doing so.

72.     Counter-Claim Plaintiff JPMorgan Chase is entitled to the return of the $115,386.18 it loaned to Counter-Claim Defendant Hogan in order that he could participate in the EMBA Program.

## THIRD COUNT
### (Unjust Enrichment)

73.     Counter-Claim Plaintiff JPMorgan Chase repeats and realleges each and every allegation contained in paragraphs 54 through 68 herein, as if each were set forth more fully herein.

74.     As a result of Counter-Claim Defendant Hogan's actions in failing to repay the EMBA Loan money to Counter-Claim Plaintiff JPMorgan Chase, he has continued to be unjustly enriched at the expense of Counter-Claim Plaintiff JPMorgan Chase in the amount of $115,386.18.

75.     Counter-Claim Plaintiff JPMorgan Chase is entitled to the return of the $115,386.18 it loaned to Counter-Claim Defendant Hogan in order that he could participate in the EMBA Program.

## FOURTH COUNTER-CLAIM
### (Restitution)

76.     Counter-Claim Plaintiff JPMorgan Chase repeats and realleges each and every allegation contained in paragraphs 54 through 68 herein, as if each were set forth more fully herein.

77.     Counter-Claim Defendant Hogan has failed and refused to return the $115,386.18 due and owing to Counter-Claim Plaintiff JPMorgan Chase.

78.     Counter-Claim Plaintiff JPMorgan Chase is entitled to the return of the $115,386.18 it loaned to Counter-Claim Defendant Hogan in order that he could participate in the EMBA Program.

**WHEREFORE,** Defendant and Counter-Claim Plaintiff JPMorgan Chase demands judgment against Plaintiff:

(a) dismissing the Complaint in its entirety with prejudice;

(b) denying the demands and prayer for relief contained in the Complaint;

(c) granting judgment in favor of Counter-Claim Plaintiff JPMorgan Chase against Plaintiff for $115,386.18 along with interest;

(d) awarding Defendant and Counter-Claim Plaintiff JPMorgan Chase its reasonable costs, disbursements, and attorneys' fees; and

(e) granting such other further relief as may be just and proper.

Dated: December 21, 2007

                                                JPMORGAN CHASE LEGAL AND
                                                COMPLIANCE DEPARTMENT

                                                By: _____
                                                     Frederic L. Lieberman, Esq.
                                              Attorneys for Defendant and Counter-Claim
                                                Plaintiff JPMorgan Chase & Co.
                                          One Chase Manhattan Plaza, 26th Floor
                                          New York, New York 10081
                                          (212) 552-1815
                                          frederic.l.lieberman@jpmchase.com

To: Harry Weinberg, Esq.
     Law Offices Of Harry Weinberg
     11 Beach Street
     New York, New York 10013
     (212) 989-2908

     Attorney for Plaintiff

## EXECUTIVE MBA EDUCATION LOAN AGREEMENT

J.P. Morgan Chase & Co. ("JPMorganChase") understands that you have enrolled in an Executive Masters in Business Administration program (the "Program"). In order to enable you to defray the costs for tuition, student charges, fees, textbooks, and travel associated with the program, JPMorganChase agrees to make interest-free loans to you from time to time while you are an employee. This letter is to establish the terms and conditions of such loans between you and JPMorganChase

While you are enrolled in the Program as a JPMorganChase employee, JPMorganChase will arrange to have the school bill the firm directly for charges for tuition, fees and textbooks for the Program. In addition, subject to the terms and conditions contained in JPMorganChase's then current "Travel and Entertainment Policies and Procedures", JPMorganChase will reimburse you for the amounts that you spend to travel in connection with the Program and for meals that you have in connection with the Program. You will not receive any additional salary due to your participation in the Program.

The amounts that JPMorganChase pays directly to the schools, as well as the amounts that you are reimbursed, shall constitute loans by JPMorganChase to you. JPMorganChase will maintain a record of all of these loans, and that record shall be conclusive evidence of its making those loans to you and of the amounts that you may be required to repay to JPMorganChase.

You will not be required to repay any portion of the loans while you are employed by JPMorganChase. However, upon the voluntary or involuntary termination of your employment with JPMorganChase (except due to job elimination, reorganization, or sale of a business) during your participation in the Program or during the three (3) year period following completion of the Program, you will be required to pay 100% of all loans made to you which shall become immediately due and payable without further notice to you or demand by JPMorganChase. Payment of such amount shall be made at the JPMorganChase Organizational Learning Department, 1 Chase Manhattan Plaza, 27th Floor, New York, New York, 10081.

Notwithstanding anything to the contrary contained herein, on the third anniversary of the date on which you are awarded the Executive Masters in Business Administration degree, or if you withdraw from the Program or separate from employment prior to completion of the Program because of illness, permanent disability, or with the prior approval of your manager, all loans which have been made to you shall be forgiven and you shall have no obligation to repay such amounts.

Please understand that JPMorganChase has no responsibility or liability to you to account for or to withhold any sums for income tax or other assessment or charge for which you may become liable. No modification, alternation or waiver of any of your rights hereunder shall be binding upon JPMorganChase unless made in writing and signed on behalf of JPMorganChase and by you. All notices which may be sent to you will be sent to your last address appearing on JPMorganChase's records, and in the event that JPMorganChase uses an attorney to collect the obligation evidenced hereby, you agree to pay JPMorganChase interest on delinquent payments, and to pay any costs, including attorney's fees, incurred by JPMorganChase in order to recover any amounts payable by you pursuant to this Agreement.

This agreement does not imply and should not be construed to lead to or create an employment contract between JPMorganChase and you. You understand and agree that either you or JPMorganChase may terminate the employment relationship at any time, in which case no further payments will be made on your behalf to the Program.

Please execute your consent on this agreement and return to: Executive MBA Program, Kimberly Weidler, 1 Chase Manhatttan Plaza, 27th Floor, New York, New York, 10081. Organizational Learning will send you a copy of the executed agreement for your records.

Read, accepted and agreed to  _[signature]_  Date: 7/22/03
Signature

Print Name: John Hogan

For JPMorgan Chase & Co.: _Kimberly Weidler_  Date 7/24/03
Kimberly Weidler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOHN HOGAN,                               :

              Plaintiff,           :
                                                  07 Civ. 8563 (VM)

  - against -                            :
                                                  **CERTIFICATE OF SERVICE**

JPMORGAN CHASE & CO.,              :


              Defendant.        :

-------------------------------------------------------X


I hereby certify that on December 21, 2007 I caused a copy of the following document:

**NOTICE OF APPEARANCE
and
ANSWER AND COUNTER-CLAIMS**

to be served by first class mail directed to the attorney of plaintiff at the following address:

Law Offices of Harry Weinberg
Harry Weinberg, Esq.
11 Beach Street
New York, New York 10013


Dated: New York, New York
        December 21, 2007

                                                                  Frederic L. Lieberman