UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| JOHN HOGAN, | : | |
| Plaintiff, | : | 07 Civ. 8563 (VM) |
| - against - | : | **DEFENDANT'S FIRST REQUEST TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS** |
| JPMORGAN CHASE & CO., | : | |
| Defendant. | : | |

------------------------------------------------------X

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 34, Defendant JPMorgan Chase & Co. ("JPMorgan Chase"), by its attorney, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, hereby requests that Plaintiff John Hogan produce and permit counsel for Defendant an opportunity to inspect and copy the following documents at the offices of the JPMorgan Chase Legal and Compliance Department, One Chase Manhattan Plaza, 26th Floor, New York, New York 10081, at 10:00 a.m. on February 12, 2008. Compliance with this request can be made by delivering copies of said documents to Frederic L. Lieberman, Esq., JPMorgan Chase Legal and Compliance Department, One Chase Manhattan Plaza, 26th Floor, New York, New York 10081 by or before February 12, 2008.

### DEFINITIONS AND INSTRUCTIONS

Defendant incorporates herein all the applicable instructions and definitions set forth in Fed. R. Civ. P. 26 and 34 and Local Civil Rules 26.2 and 26.3. In addition, for the purposes of these document requests, the instructions, definitions and rules of construction set forth below also apply.

A. **Instructions**

1. The documents provided in response to these requests must include all documents available to Plaintiff, including documents in the possession or control of his agents and employees, including his attorneys, his investigators and all persons acting on his behalf or under his control.

2. With respect to any documents or portions thereof which have been lost, destroyed, discarded or otherwise disposed of since their preparation or receipt, provide the following information separately as to each such document: general description of the subject matter; author; recipient(s); date; last custodian of the document or copies thereof; the full particulars or circumstances whereby the document was lost, destroyed, discarded or otherwise disposed of; and a description sufficient to form the basis for a request for production of any other document(s) containing some or all of the information contained in the document lost, destroyed, discarded or otherwise disposed of.

3. These requests are continuing. If, after responding to these requests, Plaintiff obtains or becomes aware of any further documents responsive to these requests, supplementary production is required. Such supplementary responses are to be served upon counsel for Defendant within ten (10) days after Plaintiff knows, or should have known, of such documents.

4. Unless otherwise stated above, the document requests are not limited as to time period.

B. **Definitions**

1. "Plaintiff" means Plaintiff John Hogan.

2. "Complaint" means the Complaint in this action, filed by Plaintiff on or about October 3, 2007.

3. "Defendant" means JPMorgan Chase & Co.

4. "JPMorgan Chase" means JPMorgan Chase & Co., and, where applicable, its officers, directors, employees, desks, departments, operating units, partners, corporate parent, subsidiaries or affiliates and merged entities.

5. "Employee" refers to all employees, including officials, officers, managers, professionals, office and clerical employees, trainees, supervisors, superiors or co-employees of Plaintiff and any other person carried on the payroll of JPMorgan Chase.

6. "Document" means any medium upon, through or by which intelligence or information is recorded, in whole or in part, or from which intelligence or information may be retrieved. This includes, but is not limited to, any printed, typewritten, handwritten, word processed, recorded or other graphic matter of any kind or nature whatsoever, however produced or reproduced, whether sent or received or neither; any and all drafts, abstracts or copies bearing notations or markings not found on the original; and any and all writings, drawings, graphs, emails, instant messages, charts, files, databases, correspondence, transcripts, contracts, agreements, letters, envelopes, purchase orders, memoranda, telegrams, notes, marginal notations, summaries, opinions, forms, catalogues, journals, fact sheets, credit files, credit reports, credit requests, records, articles, brochures, diaries, reports, calendars, interoffice communications, statements, jottings, announcements, authorizations, investigations, checks, check stubs, bank statements, financial statements, notices, accounts, account statements, messages, telephone messages, applications, minutes, papers, charts, day books, pleadings, notices, excerpts, clippings, sworn or unsworn testimony, interviews, examinations, depositions, affidavits, negotiable instruments, photographs, phone records and other data compilations, tape or video recordings (and transcripts thereof), motion pictures and any carbon or photographic

copies of any such material in Plaintiff's possession, custody or control, or formerly in his possession, custody or control, or to which Plaintiff has or has had access if Plaintiff does not have custody or control of the original. A draft or non-identical copy is a separate document within the meaning of this term.

7. "Identify," when used with reference to a corporation, association or other entity, means to state: (a) the legal name under which such entity is incorporated or registered; (b) the state in which such entity is incorporated or registered; (c) the full business address, including telephone number of such entity; and (d) the officers of such entity.

8. "Identify," when used with reference to an oral communication, means to state: (a) the nature, subject matter and substance, in detail, of the oral communication; (b) each date, time, place and party to the oral communication, or some other means of identifying same, including the identity of each person making or receiving the oral communication; (c) the medium (e.g., in person, telephonic) through which the oral communication was made; (d) each person who participated in the oral communication; (e) each other person hearing the oral communication; and (f) whether any document refers, pertains or relates thereto, which concerns such oral communication, or which was prepared in anticipation or as a consequence of the oral communication, and if so, identify the document in accordance with the foregoing paragraph.

9. "Person" means any natural person, individual, or any business, firm, corporation, association, organization or other entity or association.

10. "Produce" means to provide each document, front and back, if applicable, demanded above in its best available form. All documents shall be segregated in accordance with the numbered paragraphs below.

C.  **Rules of Construction**

1. Any pronoun shall mean the masculine, feminine or neuter gender, as in each case may be appropriate.

**DOCUMENTS TO BE PRODUCED**

1. All documents concerning plaintiff's allegation that "[f]rom in or about 1988 until February, 2007, plaintiff JOHN HOGAN ('plaintiff' or 'Hogan') was employed by defendant JPMORGAN CHASE & CO., ('defendant' or 'Chase') in various capacities, most recently as an Underwriter I at 1166 Avenue of the Americas, New York, N.Y.", as specifically set forth in paragraph 1 of the Complaint and as similarly set forth in paragraph 16 of the Complaint.

2. All documents concerning plaintiff's allegation that "[f]rom in or about 1988 until February, 2007, plaintiff JOHN HOGAN ... always performed his job in a satisfactory manner", as specifically set forth in paragraph 1 of the Complaint and as similarly set forth in paragraphs 16 and 18 of the Complaint.

3. All documents concerning plaintiff's allegation that "[i]n or about July, 2003, plaintiff was nominated by his superiors to participate in an Executive Masters of Business Administration ('EMBA') program at Columbia University", as specifically set forth in paragraph 2 of the Complaint.

4. All documents concerning plaintiff's allegation that "[t]he cost of plaintiff's participation in the EMBA program was covered by loan from Chase that was the subject of an EMBA Education Loan Agreement ('Loan Agreement') executed by plaintiff on July 22, 2003 and defendant on July 24, 2003", as specifically set forth in paragraph 3 of the Complaint and as similarly set forth in paragraph 20 of the Complaint.

5. All documents concerning plaintiff's allegation that "[o]n or about September,

2005, plaintiff successfully completed the EMBA program and was awarded a MBA Degree by Columbia University", as specifically set forth in paragraph 5 of the Complaint and as similarly set forth in paragraph 22 of the Complaint.

6. All documents concerning plaintiff's allegation that "[b]eginning with performance reviews for 2004, despite plaintiff's excellent work history and continuing excellent performance, plaintiff began to receive poor performance evaluations from a group of new managers to whom he reported as the result of a corporate reorganization in mid-2004", as specifically set forth in paragraph 6 of the Complaint and as similarly set forth in paragraph 23 of the Complaint.

7. All documents concerning plaintiff's allegation that "defendant breached the Loan Agreement by engaging in successively more drastic action designed to force plaintiff to resign his position with Chase and thereby become liable to pay back 100% of monies paid to Columbia University on his behalf pursuant to the Loan Agreement", as specifically set forth in paragraph 7 of the Complaint and as similarly set forth in paragraph 24 of the Complaint.

8. All documents concerning plaintiff's allegation that "[s]pecifically, as a result of a change in its business plans and corporate reorganization, defendant determined that plaintiff's services were unnecessary and, in an effort to avoid severance obligations to plaintiff and to trigger plaintiff's obligation to immediately repay the loan pursuant to the Loan Agreement, defendant by its officers, employees and agents, began undermining plaintiffs work, generating unsubstantiated criticisms of plaintiff's work, generating poor work performance evaluations of plaintiff that were unwarranted and unsupported by the facts, treating plaintiff differently than similarly situated Underwriters, denying plaintiff customary raises and bonuses and demoting plaintiff without appropriate cause or reason and, in other sundry ways, making it untenable for

plaintiff to remain employed by Chase lest he suffer further substantial damage to his career", as specifically set forth in paragraph 8 of the Complaint and as similarly set forth in paragraph 25 of the Complaint.

9. All documents concerning plaintiff's allegation that "[i]n 2006, when plaintiff met with a Human Resources Manager to complain about the poor treatment he was receiving plaintiff was advised that it was that Manager's belief that plaintiff was being 'managed out,' 'corporate-speak' for being forced to resign his position", as specifically set forth in paragraph 9 of the Complaint and as similarly set forth in paragraph 26 of the Complaint.

10. All documents concerning plaintiff's allegation that "Plaintiff nevertheless continued to perform his job in an exemplary manner until it became clear to him that he could no longer tolerate the continuing poor treatment and the resulting damage to his career that resulted from such treatment", as specifically set forth in paragraph 10 of the Complaint and as similarly set forth in paragraph 27 of the Complaint.

11. All documents concerning plaintiff's allegation that "[i]n or about February, 2007, plaintiff was offered and accepted a position with another employer and tendered his resignation to Chase", as specifically set forth in paragraph 11 of the Complaint.

12. All documents constituting and/or concerning Plaintiff's communications with his new employer, referred to in paragraphs 11 and 28 of the Complaint, that took place prior to the date when he accepted an offer of employment from that employer.

13. All documents concerning plaintiff's allegation that "[s]hortly thereafter plaintiff received a letter from Chase demanding immediate repayment of the loan in the sum of $115,480.18", as specifically set forth in paragraph 12 of the Complaint and as similarly set forth in paragraph 29 of the Complaint.

14. All documents concerning plaintiff's allegation that "[i]n or about January, 2004, as a result of his long-term excellent performance and desire to advance himself within the corporation, plaintiff was selected for and began participation in an Executive Masters of Business Administration ('EMBA') program at Columbia University", as specifically set forth in paragraph 19 of the Complaint.

15. All documents concerning plaintiff's allegation that "[i]n or about December, 2006, plaintiff was offered and accepted a position with another employer and thereafter tendered his resignation to Chase", as specifically set forth in paragraph 28 of the Complaint.

16. All documents concerning plaintiff's allegation that "[i]nasmuch as, based on the foregoing, plaintiff is not obligated to repay the loan, plaintiff has refused to repay the loan and has been threatened with litigation by Chase", as specifically set forth in paragraph 30 of the Complaint.

17. All documents concerning plaintiff's allegation that "[a]s a result of the foregoing, plaintiff seeks declaratory judgment that he is not obligated to repay the loan or any amount thereof, and that he is entitled to damages for harm to his career as a result of Chase's bad faith and malicious actions as described hereinabove", as specifically set forth in paragraph 31 of the Complaint.

18. All documents concerning plaintiff's allegation that "Defendant's actions as described hereinabove constitute a breach of the Loan Agreement in that defendant was obligated to perform pursuant to the Loan Agreement in good faith and it failed to do so", as specifically set forth in paragraph 32 of the Complaint.

19. All documents concerning plaintiff's allegation that "defendant was under an obligation not to interfere with plaintiff's continued employment with Chase but instead engaged

in a course of conduct specifically designed to force plaintiff to resign his employment and thereby trigger an immediate obligation to repay the loan", as specifically set forth in paragraph 32 of the Complaint.

20. All documents concerning plaintiff's allegation that "Defendant failed to fully and in good faith perform all of its obligations pursuant to the Loan Agreement", as specifically set forth in paragraph 33 of the Complaint.

21. All documents concerning plaintiff's allegation that "[a]s a result of the aforesaid breach, plaintiff has been damaged in the sum of $115,480.18, plus interest from February 1, 2007 and continuing", as specifically set forth in paragraph 34 of the Complaint.

22. All documents concerning plaintiff's allegation that "Defendant's action constitute a breach of the covenant of good faith and fair dealing implied in every contract entered into in the State of New York", as specifically set forth in paragraph 36 of the Complaint.

23. All documents concerning plaintiff's allegation that "[a]s a result of the aforesaid breach, plaintiff has been damaged in the sum of $115,480.18, plus interest from February 1, 2007 and continuing", as specifically set forth in paragraph 37 of the Complaint.

24. All documents concerning plaintiff's allegation that "[a]s a result of the foregoing, plaintiff is entitled to judgment declaring that he is not obligated to repay the loan or any portion thereof pursuant to the Loan Agreement", as specifically set forth in paragraph 39 of the Complaint.

25. All documents concerning plaintiff's allegation that "[t]he malicious course of conduct described hereinabove was engaged in by defendant for the purpose of intentionally harming plaintiff's profession it reputation, career and standing in the professional community in which plaintiff earns his livelihood", as specifically set forth in paragraph 41 of the Complaint.

26. All documents concerning plaintiff's allegation that "[t]he malicious course of conduct described hereinabove did in fact harm plaintiff in that plaintiff was forced to resign his employment with defendant with the attendant damages flowing therefrom, and plaintiff's opportunities for other employment and compensation at the level generally associated with an Underwriter of his experience and longevity were and remain limited due to defendant's purposefully wrongful conduct", as specifically set forth in paragraph 42 of the Complaint.

27. All documents concerning plaintiff's allegation that "[a]s such plaintiff is entitled to damages to compensate him for the reduced salary, benefits and professional standing he suffers as a result of defendant's wrongful conduct", as specifically set forth in paragraph 43 of the Complaint.

28. All documents concerning Plaintiff's employment with JPMorgan Chase, including, but not limited to, handbooks, manuals, company policies and procedures, employment contracts, severance packages, and benefit plans.

29. All documents given to Plaintiff regarding his job performance while employed by JPMorgan Chase including, but not limited, to performance evaluations.

30. All documents that contain Plaintiff's recording or recollection of events that occurred during Plaintiff's employment with JPMorgan Chase.

31. All diaries, calendars, chronologies of events, correspondence, notes, minutes, tape recordings, logs, e-mails or other records maintained between January 1, 2005 through the present regarding Plaintiff's employment with JPMorgan Chase.

32. All documents reflecting or concerning compensation or benefits received by Plaintiff in connection with his employment with JPMorgan Chase.

33. Plaintiff's federal, state and local income tax returns (including but not limited to

W-2s, K-1s and 1099s) for the years 2005 through and including the present.

34. All documents reflecting or concerning income earned by Plaintiff during the time period January 1, 2005 through and including the present.

35. Any and all documents concerning Plaintiff's financial assets or holdings from January 1, 2005 through the present, including, but not limited to, bank statements, stock market or brokerage account statements, trust fund statements, 401K and individual retirement account statements, and mutual fund account statements.

36. All documents concerning Plaintiff's efforts to secure employment since January 1, 2005, including, but not limited to, employment applications and documents prepared, submitted or received by Plaintiff, and any responses thereto, correspondence to or from other employers, potential employers, persons or recruiting firms, documents related to the acquisition of any business, and all versions of Plaintiff's employment resume.

37. All documents concerning Plaintiff's employment or self-employment from January 1, 2005 to the present, including, but not limited to, documents concerning compensation and benefits following the end of his employment with JPMorgan Chase.

38. Documents sufficient to show Plaintiff's educational background or work experience, including but not limited to resumes, diplomas and certificates from any secondary or post-secondary educational institution.

39. All documents received or taken from JPMorgan Chase.

40. All files, records, or documents concerning any current or former employee of JPMorgan Chase.

41. All written statements rendered by any person that Plaintiff may call as a witness in the trial of this matter.

42. All documents and/or reports rendered by any expert who has been contacted and/or retained for this litigation by Plaintiff.

43. Except attorney work product, all reports prepared or rendered in connection with any investigation of the facts underlying this action.

44. All documents Plaintiff reviewed or obtained in connection with any investigation of his claims in this action.

45. All documents or statements Plaintiff obtained from Defendant or any of its agents concerning the allegations in Plaintiff's Complaint.

46. All statements (oral or written) Plaintiff obtained from any individuals concerning the allegations in Plaintiff's Complaint.

47. All documents or statements which Plaintiff contends constitute an admission against interest by Defendant or any of its agents.

48. All documents Plaintiff intends to use at the trial of this action.

49. All documents concerning the allegations and causes of action set forth in Plaintiff's Complaint.

50. All documents concerning any damages Plaintiff intends to seek at the trial of this action including, but not limited to, the claims for damages set forth in Plaintiff's Complaint.

51. All emails and/or instant messages, whether from a JPMorgan Chase system/account or a personal system/account, concerning any of the allegations of the Complaint.

52. All documents or copies of documents identified or referred to or reviewed by Plaintiff in responding to Defendant's First Set Of Interrogatories To Plaintiff.

53. All documents not previously identified in response to these document requests or

in Plaintiff's responses to Defendant's First Set Of Interrogatories To Plaintiff which in any way concern the allegations in Plaintiff's Complaint.

Dated: January 8, 2008

                                    **JPMORGAN CHASE LEGAL AND**
                                    **COMPLIANCE DEPARTMENT**

By: _____
       Frederic L. Lieberman, Esq.
Attorneys for Defendant and Counter-Claim
     Plaintiff JPMorgan Chase & Co.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

To:    Harry Weinberg, Esq.
        Law Offices Of Harry Weinberg
        11 Beach Street
        New York, New York 10013
        (212) 989-2908

        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOHN HOGAN,                                :

                Plaintiff,       :

        - against -                   :

JPMORGAN CHASE & CO.,           :

                Defendant.      :

------------------------------------------------------X

07 Civ. 8563 (VM)

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 8, 2008 I caused a copy of the following documents:

**DEFENDANT'S RULE 26 DISCLOSURE STATEMENT,**

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF,**

**DEFENDANT'S FIRST REQUEST TO PLAINTIFF
FOR PRODUCTION OF DOCUMENTS
and
NOTICE OF DEPOSITION**

to be served by first class mail directed to the attorney of plaintiff at the following address:

        Law Offices of Harry Weinberg
        Harry Weinberg, Esq.
        11 Beach Street
        New York, New York 10013

Dated: New York, New York
       January 8, 2008

                                                          Frederic L. Lieberman

163687:v1